**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CEDRIC LEONARD RIDER, #435456,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:07-CV-0789-N** |
| | ) | **ECF** |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in

implementation thereof, this cause has been referred to the United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* petition for writ of habeas corpus filed by a state inmate

pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is presently incarcerated within the Texas Department of Criminal

Justice, Correctional Institutions Division (TDCJ-CID).  Respondent is the Director of TDCJ-

CID.  The Court did not issue process in this case, pending preliminary screening.  *See* Rule 4 of

the Rules Governing § 2254 Proceedings.

Statement of Case:  Petitioner pled nolo contendere to sexual assault in the 283rd Judicial

District Court of Dallas County, Texas, in Cause No. F86-79359-T.  (Pet. at 2).  The trial court

assessed punishment at 40 years imprisonment.  (*Id.*).

In August 2000, the Pardons and Paroles Division of TDCJ released Petitioner on mandatory supervision/parole. (*See* Pet.'s answer to question 1 of the magistrate judge's questionnaire filed on June 20, 2007). Petitioner remained on parole until his arrest on the basis of a parole revocation warrant. The Board of Pardons and Paroles (Board) revoked his parole in September 2004, (*id.*), and TDCJ denied Petitioner street-time credits for the time he served on parole.[1]

In the present federal petition, filed on May 2, 2007, Petitioner challenges TDCJ's refusal to give him street-time credits for the time he served on parole. He argues that such a refusal has extended his sentence in violation of the Due Process and Double Jeopardy Clauses. He further alleges that his street-time credits were taken without a proper hearing, and that he was coerced to sign the parole contract under force.[2]

Prior to filing this action, Petitioner exhausted his administrative and state court remedies. In March or April 2006, he filed a "time credit dispute resolution form" with TDCJ, raising the claims at issue in this case. (*See* Answer to Question 1 of the magistrate judge's supplemental questionnaire filed September 6, 2007). On or about October 1, 2006, TDCJ responded stating that it had found no error. (*Id.*). On October 19, 2006, Petitioner filed a state application for habeas corpus relief pursuant to art. 11.07 of the Texas Code of Criminal

---

[1]    "Street-time credit refers to calendar time a person receives towards his sentence for days spent on parole or mandatory supervision." *Ex parte Spann,* 132 S.W.3d 390, 392 n. 2 (Tex. Crim. App. 2004).

[2]    For purposes of this recommendation, the petition is deemed filed on April 28, 2007, the date Petitioner signed it and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

Procedure in No. W86-79359-A.  *See* Attachment I.  The Texas Court of Criminal Appeals

denied the state writ without written order on the trial court findings without a hearing on March

21, 2007.  *In re Rider*, WR-66,740-01, www.cca.courts.state.tx.us/opinions/Case.asp?Filing

ID=241632 (Docket Sheet information generated from the Texas Judiciary Online – Court of

Criminal Appeals on June 6, 2007).

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas

corpus relief.  *See* 28 U.S.C. § 2244(d).  The District Court may raise the affirmative defense of

the statute of limitations *sua sponte*.  *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see

also Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 1684 (2006).[3]

The one-year period is calculated from the latest of either (A) the date on which the

judgment of conviction became final; (B) the date on which an impediment to filing an

application created by State action in violation of the Constitution or laws of the United States is

removed, if the applicant was prevented from filing by such State action; (C) the date on which

the Supreme Court initially recognizes a new constitutional right and makes the right

retroactively applicable to cases on collateral review; or (D) the date on which the facts

supporting the claim became known or could have become known through the exercise of due

diligence.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

---

[3]       On July 30, 2007, the Court issued an order to show cause, advising
Petitioner of the one-year statute of limitations and granting him an opportunity to
explain why his case is not barred by the limitations period or why the statute of
limitations should be tolled on equitable grounds.  Petitioner filed his response to the
Court's show cause order on August 9, 2007.

Subparagraph (A) is inapplicable because it pertains to direct review of "the judgment," which is not at issue in this case. Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Therefore, the Court will calculate the one-year statute of limitations under subparagraph (D), from the date the facts supporting the claims raised in the instant petition became known or could have become known through the exercise of due diligence.

In the context of parole-revocation proceedings and the resultant loss or denial of good time or street-time credits, courts have determined that the very latest date, on which a petitioner could or should have been aware of the loss of time credits under subsection (D), was when the Board revoked his parole and recommitted him to TDCJ-CID. *See Heiser v. Johnson,* 263 F.3d 162, 2001 WL 803542 (5th Cir. 2001) (Table, No. 00-14008) (unpublished); *Biggins v. Dretke,* No. 3:03-CV2005-P, 2004 WL 1898255, at *2 (N.D. Tex. Aug.24, 2004) (unpublished); *Tweedy v. Dretke,* No. 4:03-0520-A, 2003 WL 22724659, at *3 (N.D.Tex. Sept.15, 2003) (unpublished)

In this case, Petitioner's parole was revoked in September 2004, and he was recommitted to TDCJ-CID shortly thereafter. Presumably, Petitioner knew, or could have discovered through due diligence, on the date of his parole revocation, that he would not be given credit for the time spent on parole. Thus, the federal statute of limitations began in September 2004, when Petitioner's parole was revoked, and closed one year later in September 2005.[4]

---

[4]     The parole certificate generally gives a petitioner notice that all time served on parole will be forfeited upon the revocation of parole. *See Biggins v. Dretke*, 2004 WL 1898255, *2 (N.D.Tex., 2004).

Petitioner filed his federal petition on April 28, 2007, more than one and one-half years after the limitations period elapsed. Although 28 U.S.C. § 2244(d)(2) tolls the limitations period during the pendency of state habeas and state administrative proceedings, *Kimbrell v. Cockrell,* 311 F.3d 361, 363-64 (5th Cir. 2002) (tolling during pendency of prison grievance procedures), *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998) (tolling during pendency of state habeas proceedings), neither habeas nor administrative proceedings were pending in state court during the one-year limitations period. Petitioner did not file his Time Credit Dispute Resolution until March or April 2006, and his state habeas application until October 2006, long after the one-year period had elapsed. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application does not toll one-year limitations period if it is filed after limitations period has expired). Therefore, the federal petition is clearly time barred absent equitable tolling.

In response to the order to show cause, Petitioner asserts that the one-year limitations period is inapplicable because he is not challenging his underlying criminal conviction. (*See* Pet's response at 1). This contention is patently frivolous. Apart from subsection (A), the remaining portions of section 2244(d)(1) are not limited to the finality of a criminal conviction. Moreover, the Fifth Circuit has applied the one-year limitations period in various habeas contexts, including parole revocation. *See Kimbrell,* 311 F.3d at 363 (disciplinary); *Heiser,* 263 F.3d 162 (parole revocation).

Insofar as Petitioner seeks to rely on equitable tolling, his claim should be rejected. The Supreme Court has not decided whether equitable tolling of the AEDPA limitations period is available. *See Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007). Nevertheless, in *Lawrence*, the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

5

circumstance stood in his way" and prevented timely filing. *Id.* In accord with *Lawrence*, the Fifth Circuit has held that "equitable tolling of the AEDPA limitations period is available " 'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable.' " *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir. 2002) (quoting *Davis v. Johnson,* 158 F.3d 806, 810-11 (5th Cir.1998)); *see also Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007), *pet. for cert. filed* (Jun. 26, 2007) (No. 07-6248).

Petitioner's own pleadings reflect that this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. Petitioner asserts neither an impediment nor a justification that prevented the timely filing of his federal petition following the revocation of his parole. Moreover, he cannot show that he diligently pursued his rights. Petitioner concedes waiting over one and one-half year after his parole was revoked before he filed his time credit dispute challenging the refusal of his street-time credit. He also delayed thirty-eight days between the denial of his art. 11.07 application and the filing of his federal petition. "[E]quity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, this is not a case where the petitioner should benefit from equitable tolling.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DISMISSED with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. §

2244(d).

A copy of this recommendation will be transmitted to Petitioner.

Signed this 30th day of October, 2007.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE</u>
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT**

<span style="color:red">This is your document, please print for your records.</span>

To view additional information use the page up or page down key where applicable.



DA  CASE  ID  W-8679359-A          JUDCL  CASE  ID  W-8679359-A

A010 DEF  NAME  RIDER  C          C010 DEF  NAME  RIDER  C

J U D I C I A L    I N F O R M A T I O N

A010-020-030-040                              FILE  DATE  101906

DEF  NAME  RIDER_CEDRIC_LEONARD_____  RACE _  SEX  U  DOB  00000000   AGE ___

DEF  ADR1 _____  AC ___  PH _____  SS *********************

DEF  CITY _____  ST __  ZIP _____  DLNUM *************  DLST __

OFF  1107_PEN_WRIT_____  DT  000000  TYP/CL  F  P  GOC/CAT _ _  CODE  VA000300

COMT _____  SID  NUM _____  OF  AMT _____

COMPLAINANT _____  TAPE # _____  ARREST  DATE  000000

JUV  STAT _   REPEAT  OFFENDER _   CAREER  OFFENDER _   ORIG-LOC  WRIT___   CURR-LOC _

FILING  AGENCY _____  SER/CAS  NO _____  ARREST  NUM _____

LAI  NUM _____  AIS/DSO  NO _____  BOOKIN  NUM _____

JP  FILE  DATE  000000   JP  CASE  ID _____  JP  COURT  ID __  FED _  EVH _  AFF _

MAGISTRATE  DATE  000000   MAGIS  COURT __   MAGIS  JUDGE _____   BOUND  OVER _

EXAM  TRIAL  DATE  000000   EXAM  COURT __   EXAM  JUDGE _____   IND  METH  WRT

GJ/H/R  DT _____ _  GJ# _____  GJ/W/FILE  101906  GJ  DS  X  DA  DSP _  ACC _  REAS _

DA DISPOS  DATE _____            MISDEMEANOR REDUCTION _    SENTENCE PROBATED _

JUDCL CASE ID W-8679359-A GJ CT __   PROS STAT _ ___   PROS NAME _____

COURT ASSIGNED TO FT    DATE ASSIGNED 101906    ASSIGNED BY M    REASON M

PRECEEDING DA CASE ID _____        SUCCEEDING DA CASE ID _____

TRN _____   TRS ____        WARRANT STATUS _ STATE OFF CD 00000004__
Wed Oct 24 22:21:47 CDT 2007